THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC HOWARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-2074-K |
| | § | ECF |
| UNITED PARCEL SERVICE, INC. | § | |
| | § | |
| Defendant. | § | |

OBJECTIONS TO PLAINTIFF'S EVIDENCE OFFERED IN
PLAINTIFF'S RESPONSE TO BRIEF IN SUPPORT OF DEFENDANT
UNITED PARCEL SERVICE, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant United Parcel Service, Inc. ("Defendant" or "UPS") submits the following

Objections to Plaintiff's Evidence Offered in Plaintiff's Response to Brief in Support of

Defendant United Parcel Service, Inc.'s Motion for Summary Judgment ("Response")[1]:

A.     Unsupported And Misleading Allegations In Plaintiff's Response.

The following chart of allegations made by Plaintiff against Defendant in his Response to

UPS's Motion for Summary Judgment is intended to aid the Court in its disposition of

Defendant's Motion. As the chart demonstrates, many of Plaintiff's "evidence" and allegations

are unsupported, contradictory, conclusory, speculative, incompetent, inadmissible, and/or

nonexistent.

---

[1] Plaintiff's failure to fully comply with Local Rule 7.2(e), which requires parties to "include citations to each page of the appendix that supports each assertion that the party makes," makes it extremely difficult, if not virtually impossible, to ascertain what evidence, if any, Plaintiff relies on for many of his arguments. Accordingly, in an abundance of caution, Defendant generally objects to the entirety of Plaintiff's summary judgment evidence (Dkt. Nos. 63-82.) on the grounds that it violates Federal Rules of Evidence 401, 402, 403, 404, 405, 406, 601, 602, 608, 701, 802, 805, 901, 902, 1001, 1002, and 1006.

| Allegations | Evidentiary Support |
|---|---|
| 1. …and finally from 2005 until my promotion a spot on the North Texas District "ready now" list.  (Resp. at 6.) | Contradicts Plaintiff's deposition testimony.  He was not put on the ready now list for promotion until 2006.  (Pl.'s Ex. 1, Howard Dep. at 143, Pl.'s App. at 182.) |
| 2. The North Texas District is much more difficult, with a large metropolitan area.  (Resp. at 6.) | Mischaracterizes testimony.  Bednar testified that *his* responsibilities in the hub were "different" than those he had in Red River.  He did not testify about the relative degrees of difficulty in feeder operations or districts in general.  (Mot. Ex. 1, Bednar Dep. 22-23, Mot. App. at 6.) |
| 3. Plaintiff is not in a position to track other UPS employees careers.  (Resp. at 7.) | None. |
| 4. Caucasian Division Manager Mike Bednar was never disciplined as a result of his conduct.  (Resp. at 9.) | Contradicts the very next paragraph in Plaintiff's Response where Plaintiff admits Mr. Bednar was disciplined, which is exactly what Mr. Bednar testified.  (Resp. at 9; Mot. Ex. 1, Bednar Dep. at 109-11, Mot. App. at 28; Mot. Ex. 2, Bednar Decl. ¶¶ 11-14, Mot. App. at 41-42.) |
| 5. The only discipline Mike Bednar ever had was he had to do a write-up to District Manager, Greg Page and make commitments not to use profane language.  (Resp. at 9.) | *See supra* No. 4. |
| 6. Plaintiff informed Bob Hannigan of Nancy Koeper's "Texas boy" comment over a month earlier than September 28, 2007 over the phone.  (Resp. at 10.) | Directly contradicts Plaintiff's deposition testimony where he stated that he did not report the alleged "Texas boy" comment as alleged race discrimination until June 2008.  (Mot. Ex. 12, Howard Dep. at 192, 370-71, App. at 353, 385.) |
| 7. The "Texas boy" comment concerned Jim Grover and he did not think Hannigan should have told Nancy Koeper: He believed it should have been referred to H.R.  (Resp. at 10.) | Mischaracterizes testimony.  Grover testified how *he* would have handled the situation in hindsight, *not* that M. Hannigan |

| | should not have told Ms. Koeper. (Mot. Ex. 5, Grover Dep. at 37-38, Mot. App. at 100.) |
|---|---|
| 8.  Joe Doole, District H.R. Manager, admitted that Cedric Howard was the only Division Manager with whom Nancy Koeper made him meet with her every time. (Resp. at 10.) | Mischaracterizes testimony.  Mr. Doole testified that he regularly attended meetings between Ms. Koeper and individual division managers—some more than others. (Mot. Ex. 3, Doole Dep. at 30-31, Mot. App. at 52.) |
| 9.  Bob Hannigan, Region Transportation Manager and Nancy Koeper, Red River District Manager, both Caucasian, each testified that the use of the word, "boy" in referring to an African-American man was not racially derogatory. (Resp. at 10-11.) | Mischaracterizes testimony. Ms. Koeper stated at deposition that she does not use that kind of language, she considers it unprofessional, and she would call Human Resources if she overheard someone using it at work.  (Mot. Ex. 9, Koeper Dep. at 118-21, Mot. App. at 241-42.)  Ms. Koeper added, when pressed by Plaintiff's counsel, that whether *the person hearing it* considered it offensive or racist would depend on the context and require her to speculate.  (*Id.*)  Mr. Hannigan was *not even asked* these questions at his deposition.  (Mot. Ex. 7, Hannigan Dep. *passim*, Mot. App. at 129-69.) |
| 10.  Jim Grover told Cedric Howard he did not believe it was racially discriminatory but admitted in deposition that it concerned him and he thought it should have been reported to H.R.  (Resp. at 11.) | Mischaracterizes testimony. *See supra* No. 7. |
| 11.  Nancy Koeper also said that the car in which she, Cedric Howard, Joe Doole and another white woman would not have been stopped by a Texas State Trooper if Plaintiff had not been in it. (Resp. at 11.) | Contradicts Plaintiff's deposition testimony.  Plaintiff did not consider anything said in Red River, other than the alleged "Texas boy" comment, racially offensive.  (Mot. Ex. 12, Howard Dep. at 186-87, 193, Mot. App. at 352, Pl.'s App. at 195.) |
| 12.  After September 28, 2007 District Manager Joe Doole | Mischaracterizes contents of exhibit.  Mr. Doole told Howard |

3

| | |
|---|---|
| told Plaintiff that he was a target. (Resp. at 11-12.) | that his failure to properly communicate and manage the Feeder Department was making him a target for complaints and rumors. (Pl.'s Ex. 2/Doole, Annotated Ltr. to UPS Mgmt. Cmte., Pl.'s App. at 66.) |
| 13.  The changes were reviewed with the employees prior to the pay being changed but the employees were unhappy, and complained. (Resp. at 16.) | Mischaracterizes exhibit.  The email cited does *not* say that the employees were notified prior to their pay being changed.  (Pl.'s Ex. Doole/22, Pl.'s App. at 71.) Further, Mr. Doole testified that this email post-dated the classification and complaints. (Mot. Ex. 3, Doole Dep. at 63-65, Mot. App. at 64-65.) |
| 14.  In response to Defendant's statement 35 the department was not in "turmoil" but the safety reporting was in question.  (Resp. at 16.) | None.  (This is purely argument of counsel.) |
| 15.  It was also discovered that previous Caucasian Feeder Manager Chris Blessington failed to call in and report a Red River District UPS drivers auto accident in where the UPS driver hit and knocked down a electric pole in the city of Lubbock, Texas. (Resp. at 16-17.) | Mischaracterization of exhibit. There is no mention of any alleged failure to report by Chris Blessington in the cited exhibit. (Pl.'s Ex. Doole/19, Pl.'s App. at 54-59.) |
| 16.  Plaintiff also had to report an accident in Lubbock that had occurred months before he arrived in the District because Caucasian Feeder Manager Chris Blessington failed to.  (Resp. at 17.) | *See supra* No. 15. |
| 17.  Nancy Koeper admitted in her deposition that she had "probably" told Cedric to park there.  (Resp. at 20.) | Mischaracterizes deposition testimony.  Ms. Koeper testified that she probably told Howard to park in a visitor space, *not* a reserved United Way space. (Mot. Ex. 10, Koeper Dep. at 179-80, Def.'s App. at 256.) |
| 18.  DOT hours of service violations are ultimately the driver's responsibility.  (Resp. at 24.) | Mischaracterizes deposition testimony.  Mr. Bednar testified that the division manager is ultimately responsible for reporting violations and not putting drivers in situations where they will run over on their DOT hours |

| | |
|---|---|
| | of service. (Mot. Ex. 1, Bednar Dep. at 71-72, Mot. App. at 18.) |
| 19. A fair investigation was not done by Pritt and Lehman. (Resp. at 26.) | None. (The deposition pages he cites do not support this allegation.) |
| 20. For example, Jim Heil who had reported the racism against Cedric Howard was not interviewed. (Resp. at 26.) | None. (The deposition pages he cites do not support this allegation.) |
| 21. Nor were the underlying documents which dispute many of their findings acknowledged. (Resp. at 26.) | None. (The deposition pages he cites do not support this allegation.) |
| 22. The majority of write-ups were all from Caucasian Managers and Caucasian Supervisors that African American Plaintiff had held accountable for not performing their jobs as required, their failure to follow Plaintiffs Procedure Instructions, their failure to follow DOT drug Testing procedures, their failure to complete Hours of Service Audits, their failure to follow proper Accident Reporting Procedures or for their failure to complete an assignment asked for by Plaintiff. (Resp. at 26-27.) | None. (The deposition pages he cites do not support this allegation.) |
| 23. In the many write-ups submitted they note the employees or cross-functional department admitting their error. (Resp. at 27.) | None. (The deposition pages he cites do not support this allegation.) |
| 24. The three Service Failures were not charged to the Plaintiffs department per the Official UPS Service Failure reporting web-site. (Resp. at 27.) | None. (The deposition pages he cites do not support this allegation.) |
| 25. The departments in error were charged not Plaintiffs department. (Resp. at 27.) | None. (The deposition pages he cites do not support this allegation.) |
| 26. She told Lee Sardella she was uncomfortable with his remaining in the Red River District because she thought he was going to sue over his demotion. (Resp. at 27.) | Mischaracterizes exhibit. Ms. Koeper says she was uncomfortable because Plaintiff had threatened to file suit following his demotion. (Pl.'s Ex. Doole/8, Pl.'s App. at 36.) Nevertheless, he was not transferred at that time and continued working in the Red River District at the Tulsa hub and on special assignment until moving to the West Region headquarters in |

| | |
|---|---|
| | November 2008.  (Compl. 7FF, Dkt. No. 1; Ex. 8, Hannigan Decl. ¶ 27, App. at 173; Ex. 2, Bednar Decl. ¶ 19, App. at 42.) |
| 27.  Although Plaintiff's pay was not cut, Plaintiff lost his stock option when he was demoted and he did not get any relocation pay increase when he was moved back to Texas.  Plaintiff's pay was part of his relocation salary.  (Resp. at 28.) | Contradicts Plaintiff's deposition testimony.  Howard admitted that he has suffered *no* change in benefits.  (Mot. Ex. 12, Howard Dep. at 349, 422, Mot. App. at 381, 395.) |
| 28.  Plaintiff was replaced by Hub Division Manager Gary Barnett who is not African American.  (Resp. at 28.) | Contradicts Plaintiff's deposition testimony.  Howard admitted he was *not* replaced as Feeder Division Manager.  (Ex. 12, Howard Dep. at 353-54, App. at 382.) |
| 29.  Jim Grover was actually assigned to the Kansas District, assigned to West Region H.R. Manager, Lee Sardella.  (Resp. at 28.) | Mischaracterizes testimony.  Mr. Grover was assigned to the Human Resources Shared Service Team in the corporate office in Atlanta and was *not* supervised by or assigned to Mr. Sardella.  (Mot. Ex. 6, Grover Decl. ¶¶ 4-5, Mot. App. at 111-12.) |
| 30.  Also a concern was noted that it might be a problem for him to complete the investigation because he once worked with District Manager Nancy Koeper.  (Resp. at 28.) | None.  (The deposition pages he cites do not support this allegation.) |
| 31.  Mr. Grover never mentioned a book to Plaintiff.  (Resp. at 28.) | Contradicts exhibit.  The document authored by Plaintiff and relied on in his declaration to support this contention states: "in return you mentioned the book 'Happy to be Nappy' was inappropriate [sic]." (Pl.'s Ex. 2, Pl.'s Decl. ¶ 16, Pl.'s App. at 264, 268.) |
| 32.  Although Grover testified he did substantiate some of Howard's allegations, he reported to Cedric Howard that he was not able to substantiate his allegations.  (Resp. at 29.) | Mischaracterizes testimony. Mr. Grover testified he was *unable* to substantiate Plaintiff's claims of discrimination and retaliation despite verifying some of the other allegations in Plaintiff's letter. (Mot. Ex. 5, Grover Dep. at 74, |

| | Mot. App. at 109.) |
|---|---|
| 33. Manager Nancy Koeper, sent Plaintiff emails informing him he was doing a good job throughout the (8) months I was the Red River Division Manager. (Response at 29) | Mischaracterizes exhibits. Four of the six documents cited by Plaintiff's declaration in support of this allegation are *not* emails and they do *not* tell him he is doing a good job. (Pl.'s Ex. 2, Pl.'s Decl ¶ 53, Pl.'s App. at 273.) |
| 34. Nancy Koeper and Plaintiff also received some from West Region Transportation Manager Bob Hanningan. (Resp. at 29.) | Mischaracterizes exhibits. *See supra* No. 33. Also, there are *no* emails from Mr. Hannigan in support of this allegation. |
| 35. Plaintiff reported to Caucasian West Region Transportation Manager, Robert (Bob) Hannigan, (UPS Grade 20) Caucasian West Region Transportation Coordinator, Ken Seader (UPS Grade 18), Red River Caucasian H.R. Manager, Joe Doole (UPS Grade 18), of his mis-treatment by Red River District Manager, Nancy Koeper (UPS Grade 24). (Resp. at 30.) | To the extent he alleges he reported any alleged "mistreatment" as race based, this directly contradicts his deposition testimony. Howard admitted at deposition that he complained about race discrimination for the first time in his letter to the UPS management committee in June 2008. (Mot. Ex. 12, Howard Dep. at 370-71, App. at 385.) |
| 36. Joe Doole, District H.R. Manager, claimed in Response to Plaintiff's Corporate Complaint to have no knowledge about Jim Heil's complaints that Cedric Howard was being discriminated against, but in other notes recounts a conversation that Jim Heil had with Nancy Koeper regarding the race discrimination against Cedric Howard. (Resp. at 30-31.) | Mischaracterizes exhibit. There is no instance in the exhibit cited where Mr. Doole denies knowledge about Mr. Heil's prior speculation to Ms. Koeper. (Pl.'s Ex. Doole/21 *passim*, Pl.'s App. at 62-70.) |
| 37. After his demotion Howard had to drive his personal car to Tulsa and stay there all week while the previous Caucasian Manager, Chris Blessington, was allowed to drive back to Oklahoma City and UPS provided Howard's Supervisor Trent Tyler with a rental car and allowed him to drive back to Oklahoma City each day. (Response at 31) | Contradicts Plaintiff's deposition testimony. When asked at deposition if there were any employees who were allowed to commute differently than himself, Plaintiff *only* cited Mr. Trent. (Mot. Ex. 12, Howard Dep. at 350-52, Mot. App. at 381.) |
| 38. Cedric Howard was better qualified for Feeder Division Manager position than Gary Barnett who replaced him when he was demoted. (Resp. at 32.) | *See supra* No. 28. |
| 39. Leonard Hudson feeder supervisor in the Red River District, heard the term "boy" used to refer to African | Contradicts Plaintiff's deposition testimony. Plaintiff did not |

| | |
|---|---|
| American males over 100 years during his three years in the District. (Resp. at 32) | consider anything said in Red River, other than the alleged "Texas boy" comment, racially offensive. (Mot. Ex. 12, Howard Dep. at 186-87, 193, Mot. App. at 352, Pl.'s App. at 195.) |
| 40.  Jason Crawley, Todd Norton and Wade Baldwin all used the word "boy" referring to African American men. (Resp. at 32.) | *See supra* No. 39. |
| 41.  Leonard Hudson also heard manager Wade Baldwin made threatening comments regarding Division Manager Cedric Howard.  (Resp. at 32.) | *See supra* No. 39. |
| 42.  Leonard Hudson testified to the hostile work environment for African Americans which existed in the Red River District at the time Cedric Howard was demoted.  (Resp. at 32.) | *See supra* No. 39. |

**B.      Exhibits 7, 8, and 15 to Mike Bednar's Deposition (Pl.'s App. at 1 - 4).**

Defendant objects to Exhibits 7, 8, and 15 attached to the Deposition of Thomas Michael Bednar, which purport to be documents regarding service failures and hours of service audits, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The documents are irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

2.      The documents are speculative, conclusory, lack foundation, and are unauthenticated.  Fed. R. Evid. 602, 901.

3.      The documents are incomplete.  Fed. R. Evid. 612.

4.      The statements are based on speculation and/or inadmissible hearsay.  Fed. R. Evid. 602, 802.

5.      The documents are inadmissible hearsay and contain hearsay-within-hearsay.  Fed. R. Evid. 802.

**C.**   **Exhibit 2 to Joe Doole's Deposition and Exhibit 1 to Jim Grover's Deposition (Pl.'s App. at 6 – 7, 122 - 123).**

Defendant objects to Exhibit 2, attached to the Deposition of Joseph Doole, and Exhibit 1, attached to the Deposition of James Grover, which purports to be an email chain, and all references to the same in Plaintiff's Response, on the following grounds:

    1.    The document is irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

    2.    The document is speculative, conclusory, and lacks foundation. Fed. R. Evid. 602.

    3.    The statements are based on speculation. Fed. R. Evid. 602.

    4.    The document is inadmissible hearsay and contains hearsay-within-hearsay. Fed. R. Evid. 802, 805.

    5.    Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**D.**   **Exhibits 3 and 39 to Joe Doole's Deposition and Exhibit 34 to Jim Grover's Deposition (Pl.'s App. at 14 – 33, 39, 101 - 120).**

Defendant objects to Exhibits 3 and 39, attached to the Deposition of Joseph Doole, and Exhibit 34, attached to the Deposition of James Grover, which purport to be memos to file from Mr. Doole, and all references to the same in Plaintiff's Response, on the following grounds:

    1.    Statements contained therein are speculative, conclusory, and lacking in foundation. Fed. R. Evid. 602.

    2.    The documents are inadmissible hearsay and contain hearsay-within-hearsay. Fed. R. Evid. 802, 805.

    3.    Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**E.**    **Exhibits 6 and 8 to Joe Doole's Deposition and Exhibits 6 and 8 to Jim Grover's Deposition (Pl.'s App. at 34 – 36, 78 - 80).**

Defendant objects to Exhibits 6 and 8, attached to the Deposition of Joseph Doole, and Exhibits 6 and 8, attached to the Deposition of James Grover, which purport to be emails and memos from Nancy Koeper, and all references to the same in Plaintiff's Response, on the following grounds:

1.    The documents are speculative, conclusory, and lacking in foundation. Fed. R. Evid. 602.

2.    The document is inadmissible hearsay and contains hearsay-within-hearsay. Fed. R. Evid. 802, 805.

3.    Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**F.**    **Exhibit 9 to Joe Doole's Deposition, Exhibit 9 to Jim Grover's Deposition, and Exhibit 17 to Bob Hannigan's Deposition (Pl.'s App. at 37 – 38, 81 – 82, 129 - 130).**

Defendant objects to Exhibit 9, attached to the Deposition of Joseph Doole, Exhibit 9, attached to the Deposition of James Grover, and Exhibit 17, attached to the Deposition of Robert Hannigan, which purports to be an email from Plaintiff regarding the United Way, and all references to the same in Plaintiff's Response, on the following grounds:

1.    The documents are irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

2.    Statements contained therein are speculative, conclusory, and lacking in foundation. Fed. R. Evid. 602.

3.    The documents are inadmissible hearsay. Fed. R. Evid. 802.

4.      Exhibit 17 to Bob Hannigan's deposition has been altered with markings and comments by Plaintiff's counsel.

5.      Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**G.      Exhibits 11, 12, and 13 to Joe Doole's Deposition, Exhibit 12 to Jim Grover's Deposition, and Exhibits 18, 26, and 42 to Bob Hannigan's Deposition (Pl.'s App. at 40 – 44, 84 – 86, 131, 136 - 137).**

Defendant objects to Exhibits 11, 12, and 13, attached to the Deposition of Joseph Doole, Exhibit 12, attached to the Deposition of James Grover, and Exhibit 18, attached to the Deposition of Robert Hannigan, which purport to be memos from Jason Crawley and Bill Wallace, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The documents are speculative, conclusory, and lacking in foundation.  Fed. R. Evid. 602.

2.      Exhibit 42 to Bob Hannigan's deposition is incomplete.  Fed. R. Evid. 612.

3.      The documents are inadmissible hearsay and contain hearsay-within-hearsay.  Fed. R. Evid. 802, 805.

4.      Exhibits 18, 26, and 42 to Bob Hannigan's deposition have been altered with markings and comments by Plaintiff's counsel.

5.      Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**H.      Exhibit 14 to Joe Doole's Deposition, Exhibit 14 to Jim Grover's Deposition, and Exhibit 19 to Bob Hannigan's Deposition (Pl.'s App. at 45 – 49, 87 – 91, 132 - 133).**

Defendant objects to Exhibit 14, attached to the Deposition of Joseph Doole, Exhibit 14, attached to the Deposition of James Grover, and Exhibit 19 attached to the Deposition of Robert

Hannigan, which purports to be an investigative summary, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The document is irrelevant and immaterial to Plaintiff's claims against UPS because it was not the summary relied on by any of the relevant decision makers in this action. Fed. R. Evid. 401, 402.

2.      The document is speculative, conclusory, and lacking in foundation.  Fed. R. Evid. 602.

3.      Exhibit 19 to Bob Hannigan's deposition is incomplete.  Fed. R. Evid. 612.

4.      The document is inadmissible hearsay and contains hearsay-within-hearsay.  Fed. R. Evid. 802, 805.

5.      Exhibit 19 to Bob Hannigan's deposition has been altered with markings and comments by Plaintiff's counsel.

6.      Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**I.      Exhibits 15, 18, 20, 22, and 31 to Joe Doole's Deposition (Pl.'s App. at 50 – 53, 60 – 61, 71, 77).**

Defendant objects to Exhibits 15, 18, 20, 22, and 31, attached to the Deposition of Joseph Doole, which purport to be emails, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The documents are irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

2.      Statements contained therein are speculative, conclusory, and lacking in foundation.  Fed. R. Evid. 602.

12

3.      The documens ares inadmissible hearsay and contains hearsay-within-hearsay. Fed. R. Evid. 802, 805.

4.      The documents lack foundation and are unauthenticated.  Fed. R. Evid. 901.

**J.      Exhibits 19 to Joe Doole's Deposition (Pl.'s App. at 54 – 59).**

Defendant objects to Exhibits 19, attached to the Deposition of Joseph Doole, which purports to be a police report, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The document is not a UPS document and was not produced by UPS in this lawsuit.

2.      The document is irrelevant and immaterial to Plaintiff's claims against UPS.  Fed. R. Evid. 401, 402.

3.      Statements contained therein are speculative, conclusory, and lacking in foundation. Fed. R. Evid. 602.

4.      The document is inadmissible hearsay and contains hearsay-within-hearsay.  Fed. R. Evid. 802, 805.

5.      The document lacks foundation and is unauthenticated.  Fed. R. Evid. 901.

**K.      Exhibits 21 and 24 to Joe Doole's Deposition and Exhibit 21 to Jim Grover's Deposition (Pl.'s App. at 62 – 70, 72 – 76, 92 - 100).**

Defendant objects to Exhibits 21 and 24, attached to the Deposition of Joseph Doole, and Exhibit 21, attached to James Grover's Deposition, which purport to be Mr. Doole's responses to Plaintiff's letter to the UPS management committee, and all references to the same in Plaintiff's Response, on the following grounds:

1.      Statements contained therein are speculative, conclusory, and lacking in foundation. Fed. R. Evid. 602.

13

2.      The documents are inadmissible hearsay and contain hearsay-within-hearsay.  Fed. R. Evid. 802, 805.

3.      Placing the same documents in Plaintiff's Appendix multiple times is unnecessarily duplicative and wastes the Court's and counsels' time and resources.

**L.      Exhibit 10 to Jim Grover's Deposition (Pl.'s App. at 83).**

Defendant objects to Exhibit 10, attached to the Deposition of James Grover, which purports to be a memo to file from Mr. Doole, and all references to the same in Plaintiff's Response, on the following grounds:

1.      Statements contained therein are speculative, conclusory, and lacking in foundation.  Fed. R. Evid. 602.

2.      The document is inadmissible hearsay and contains hearsay-within-hearsay.  Fed. R. Evid. 802, 805.

**M.      Exhibit 3 to Bob Hannigan's Deposition (Pl.'s App. at 125).**

Defendant objects to Exhibit 3, attached to the Deposition of Robert Hannigan, which purports to be a memo from Cedric Howard, and all references to the same in Plaintiff's Response, on the following grounds:

1.      Statements contained therein are speculative, conclusory and lacking in foundation.  Fed. R. Evid. 602.

2.      The document is incomplete.  Fed. R. Evid. 612.

3.      The document is inadmissible hearsay and contains hearsay-within-hearsay.  Fed. R. Evid. 802, 805.

**N.**     **Exhibit 4 to Bob Hannigan's Deposition (Pl.'s App. at 126).**

Defendant objects to Exhibit 4, attached to the Deposition of Robert Hannigan, which purports to be an email from Rick Kues, and all references to the same in Plaintiff's Response, on the following grounds:

1.     Statements contained therein are speculative, conclusory and lacking in foundation. Fed. R. Evid. 602.

2.     The document is incomplete. Fed. R. Evid. 612.

3.     The document is inadmissible hearsay and contains hearsay-within-hearsay. Fed. R. Evid. 802, 805.

**O.**     **Exhibits 21 and 43 to Bob Hannigan's Deposition (Pl.'s App. at 134 – 135, 138).**

Defendant objects to Exhibits 21 and 43, attached to the Deposition of Robert Hannigan, which purport to be emails, and all references to the same in Plaintiff's Response, on the following grounds:

1.     Exhibit 21 to Bob Hannigan's deposition is not a UPS document and was not produced by UPS in this lawsuit.

2.     The documents have been altered with markings and comments by Plaintiff's counsel.

3.     Statements contained therein are speculative, conclusory, and lacking in foundation. Fed. R. Evid. 602.

4.     Exhibit 43 to Bob Hannigan's deposition is incomplete. Fed. R. Evid. 612.

5.     The documents are inadmissible hearsay and contains hearsay-within-hearsay. Fed. R. Evid. 802, 805.

6.      Exhibit 21 to Bob Hannigan's deposition lacks foundation and is unauthenticated. Fed. R. Evid. 901.

**P.      Exhibits 49 and 50 to Bob Hannigan's Deposition (Pl.'s App. at 139 - 146).**

Defendant objects to Exhibits 49 and 50, attached to the Deposition of Robert Hannigan, which purport to be records of service failures, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The documents were altered with markings by Plaintiff's counsel.

2.      The documents are irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

3.      The statements contained therein are conclusory and lacking in foundation. Fed. R. Evid. 602.

4.      The documents are incomplete. Fed. R. Evid. 612.

5.      The documents are inadmissible hearsay. Fed. R. Evid. 802.

6.      The document lacks foundation and is unauthenticated. Fed. R. Evid. 901.

**Q.      Exhibit 52 to Bob Hannigan's Deposition (Pl.'s App. at 147).**

Defendant objects to Exhibit 52, attached to the Deposition of Robert Hannigan, which purport to be a letter from Carolyn Walsh, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The document is irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

2.      The documents is inadmissible hearsay. Fed. R. Evid. 802.

3.      The document lacks foundation and is unauthenticated. Fed. R. Evid. 901.

**R.     Declaration of Cedric Howard and Supporting Exhibits.**

Defendant objects to the Declaration of Cedric Howard and its supporting exhibits, and all references to the same in Plaintiff's Response, on the following grounds:

1.     Paragraphs 1-7, 9-12, 24-25, 28, 37-38, 43-44, 52, 54-55, 64-65, and 67-68 of the document are irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

2.     The statements in paragraphs 6-7, 11-13, 18-19, 23, 26-27, 31-42, 44, 46-52, 54-56, 58-59, 62-64, and 67 are speculative and lack foundation. Fed. R. Evid. 602.

3.     The statements in paragraphs 6-7, 11-13, 18-19, 23, 26, 31, 33-37, 39-41, 44, 46-48, 51, 54-56, 58-59, 62, and 67 are conclusory and lack foundation. Fed. R. Evid. 602.

4.     Paragraphs 4-7, 8-16, 19, 22-23, 26-27, 31-32, 34, 36-37, 39, 41-42, 44, 46-52, 54-56, 58, 62, 64, and 67 contain inadmissible hearsay. Fed. R. Evid. 802.

5.     Paragraphs 6-7, 10-14, 26, 44, 47, and 67 contain hearsay-within-hearsay. Fed. R. Evid. 805.

6.     Howard's Declaration Exhibits 2n, 2bb, 2ff, 2gg, 2hh, and 2ii are irrelevant and immaterial to Plaintiff's claims against UPS. Fed. R. Evid. 401, 402.

7.     The probative value of Howard's Declaration Exhibits 2n, 2bb, 2ff, 2gg, 2hh, and 2ii if any, is substantially outweighed by the danger of unfair prejudice, confusion, and waste of time. Fed. R. Evid. 403.

8.     Statements contained in Howard's Declaration Exhibits 2b, 2c, 2d, 2h, 2j, 2o, 2p, 2s, 2t, 2v, 2w, 2x, 2y, and 2aa are speculative and lack foundation. Fed. R. Evid. 602.

9.     Statements contained in Howard's Declaration Exhibits 2b, 2c, 2d, 2h, 2j, 2k, 2o, 2p, 2s, 2t, 2v, 2w, 2x, 2y, and 2aa are conclusory and lack foundation. Fed. R. Evid. 602.

10.     Howard's Declaration Exhibits 2b, 2z, 2aa, and 2kk are incomplete. Fed. R. Evid. 612.

11.     Howard's Declaration Exhibits 2b, 2c, 2d, 2e, 2f, 2g, 2h, 2i, 2j, 2k, 2l, 2m, 2n, 2o, 2p, 2q, 2s, 2t,  2v, 2w, 2x, 2y, 2z, 2aa, 2bb, 2cc, 2dd, 2ee, 2ff, 2gg, 2hh, 2ii, 2jj, and 2kk contain inadmissible hearsay. Fed. R. Evid. 802.

12.     Howard's Declaration Exhibits 2c, 2d,2j, 2k, 2o, 2p, and 2kk contain hearsay-within-hearsay. Fed. R. Evid. 805.

13.     Howard's Declaration Exhibits Howard's Declaration Exhibits 2b, 2c, 2f, 2g, 2h, 2j, 2k, 2p, 2w, 2x, 2y, 2z, 2aa, 2bb, 2cc, 2dd, 2ee, 2ff, 2gg, 2hh,  and 2jj were not produced by UPS in this lawsuit, lack foundation, and are unauthenticated. Fed. R. Evid. 901.

S.     **Declaration of David Schley (Pl.'s App. at 358 – 365).**

Defendant objects to the Declaration of David Schley, and all references to the same in Plaintiff's Response, on the following grounds:

1.     The document is irrelevant and immaterial to Plaintiff's claims against UPS because it only relates to the Plaintiff's failure to promote claim, which has been abandoned. Fed. R. Evid. 401, 402.

2.     The statements regarding Howard's qualifications are conclusory and lack foundation. Fed. R. Evid. 602.

3.     The statements are based on speculation and/or inadmissible hearsay because Mr. Schley was assigned to the former North Texas District based in Dallas, Texas for the entire time Plaintiff was assigned to the former Red River District based on Oklahoma City, Oklahoma. (*See* Pl.'s Initial Disclosures, Objections App. at 3.)  There is no possible way Mr. Schley can

have personal knowledge of events that occurred in Oklahoma City or of the relative qualifications of Plaintiff and Mr. Barnett. Fed. R. Evid. 602, 802.

**T.      Declaration of Leonard Hudson (Pl.'s App. at 366 - 368).**

Defendant objects to the Declaration of Leonard Hudson, and all references to the same in Plaintiff's Response, on the following grounds:

1.      The document is irrelevant and immaterial to Plaintiff's claims against UPS because it describes Mr. Hudson's experiences with alleged race harassment and has no bearing on Plainitff's experiences. Fed. R. Evid. 401, 402; *Johnson v. TCB Const. Co.*, 334 Fed. Appx. 666, 671 (5th Cir. 2009). Mr. Hudson's statements regarding Plaintiff's religiosity are also irrelevant.

2.      The statements regarding Howard's qualifications are speculative and lack foundation. Fed. R. Evid. 602.

3.      The statements regarding the legal conclusion of whether a "racially hostile environment," "disparate treatment," and a "motivating factor" existed are inadmissible opinion testimony by a lay witness. Fed R. Evid. 701.

4.      The statements regarding any alleged race harassment directed at Plaintiff are necessarily based on speculation and/or inadmissible hearsay. Mr. Hudson was assigned to the UPS facility in Abiliene, Texas the entire time Plaintiff was assigned to the former Red River District based on Oklahoma City, Oklahoma. (*See* Pl.'s Initial Disclosures, Objections App. at 2.) There is no possible way Mr. Hudson can have personal knowledge of events that occurred in Oklahoma City or of the relative qualifications of Plaintiff and Mr. Barnett. Fed. R. Evid. 602, 802.

5.    The document contains inadmissible hearsay and hearsay-within-hearsay in paragraphs 4, 5, 6, 16, and 17.  Fed. R. Evid. 802, 805.

DATED:  November 19, 2010                    Respectfully submitted,

                                         /s/ John V. Jansonius
                                         John V. Jansonius
                                         State Bar No. 10571900
                                         jjansonius@akingump.com
                                         Joshua Flynt
                                         State Bar No. 24053204
                                         jflynt@akingump.com
                                         Akin Gump Strauss Hauer & Feld LLP
                                         1700 Pacific Avenue, Suite 4100
                                         Dallas, Texas 75201-4618
                                         Telephone:  214-969-2800
                                         Facsimile:  214-969-4343

                                         **COUNSEL FOR DEFENDANT**
                                         **UNITED PARCEL SERVICE, INC.**

### CERTIFICATE OF SERVICE

The undersigned attorney certifies that on November 19, 2010, a true and correct copy of this instrument was filed electronically, notice of the filing was served on Counsel for Plaintiffs by operation of the Court's electronic filing system, and the parties may access this filing by and through the Court's electronic filing system.

                                         /s/ John V. Jansonius
                                         John V. Jansonius

#200280953